UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILL JILES | CIVIL ACTION NO. 3:10-cv-0911 |
| VS. | SECTION P |
| RUFUS CARTER, ET AL. | JUDGE ROBERT G. JAMES |
| | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Will Jiles, was a prisoner incarcerated at the Richland Parish Detention Center (RPDC), Rayville, Louisiana, when he filed the instant civil rights complaint on June 2, 2010. Plaintiff complained that he was wrongfully arrested and detained by the defendant in July 2009. Sometime after the complaint was filed, plaintiff was released from custody and provided a residential address in Delhi, Louisiana.

Plaintiff sued Chief Rufus Carter of the Delhi, Louisiana Police Department and the "Richland Parish Police Department." Plaintiff has filed an original complaint [Doc. #1], and five amended complaints. [Doc. #3, 5, 7, 9, and 10] On February 18, 2011, the undersigned authorized service of process and directed the plaintiff furnish the Clerk of Court one (1) copy of the complaint and the amended complaints, [Doc. #1, 3, 5, 7, 9, and 10], two (2) completed summonses and one (1) completed USM-285 form for the Defendant for service within 30 days of the order, or on or before March 21, 2011. Plaintiff was further advised that his "[f]ailure to comply with this order will result in dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."

Plaintiff has not complied with the order, nor has he requested an extension of time within which

to comply, nor has he otherwise contacted the court since December 17, 2010, when he notified the Clerk that his address had changed.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff's complaint is ripe for dismissal pursuant to Rule 41.[1]

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance

---

[1] The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a Court order which directs him to prepare the necessary documents in order to effect service of process. It further appears that plaintiff is no longer incarcerated and therefore his failure to comply with the order must be attributable to his own neglect. Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's failure to contact the Court at any time during the past four months reflects his own contumaciouness or "stubborn resistance to authority" which is personally attributable to him as a pro se litigant.

with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 14, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE